### JOHN M. SHAW, ET AL., *v.* JOHN E. ABRAHAMS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—314.]

**Bond for Deed.**

> Where a husband purchases real estate and accepts a bond for a deed made payable to his wife and children, the vendor, not being notified of the delivery of such bond by the husband to his wife and children, and knowing that the purchase price was paid by the husband, who presents the bond, may legally convey the property to the husband.

APPEAL FROM HENRY CIRCUIT COURT.

October 5, 1880.

OPINION BY JUDGE PRYOR:

It is certain in this case that Abrahams had no notice of the delivery of the bond of Shaw to his wife and children, and the latter, having paid the purchase money out of his own pocket, produces the bond and directs Abrahams to make a conveyance of the house and lot to other parties. These third parties assumed the balance that was due to Abrahams, and for the balance due conveyed certain property in the south to the wife and children. This conveyance was afterward canceled by the consent or direction of Shaw and wife, and a deed made directly to them by Caldwell and Crabb, to whom the Abrahams property was conveyed. This shows that the parties were not actually selling or purchasing property for their children, but using their names as a convenient mode of entrapping others. It is manifest that Shaw paid for the Abrahams property out of his own means, and Abrahams, knowing this fact and finding the bond for title in Shaw's possession, made the deed in accordance with his directions. Although the bond had been executed to the wife and children, it was a voluntary act, and amounted to no gift until actually delivered, and although there is proof conducing to show such delivery, we think it more charitable to the appellants to take the view adopted by the court below than to convict the father of such a glaring fraud as must of necessity have

been practiced in this case, if this judgment should be reversed. The southern property has been sold with the same change made in the conveyances, and no chancellor, if it could be avoided, should blacken the character of the father that an estate might be secured to his children.

Judgment *affirmed*.

*E. E. McKay, for appellants.*

*Harwood & Carroll, Webb & Masterson, for appellees.*